# FILED

# UNDER

# SEAL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| STIRLING MORTIMER GLOBAL PROPERTY FUND PCC LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD NEILL TREVOR ROBERTS, JANE SHERIDAN ROBERTS, and REGAL PROPERTY HOLDINGS, INC.,<br><br>Defendants. | Case No. **2:13-cv-00301-GMN-NJK**<br><br>**TEMPORARY RESTRAINING ORDER** |

    This matter came before the Court on \_\_\_\_\_February 25th\_\_\_\_\_, 2013, on Plaintiff Stirling Mortimer Global Property Fund PCC Limited's ("Plaintiff") Application for an *Ex Parte* Temporary Restraining Order and/or Preliminary Injunction. The Court finds and determines, based on Plaintiff's Application, Memorandum in Support thereof, oral argument, the Verified Complaint, and the evidence and documents submitted herewith, as follows:

    1.    Plaintiff will suffer immediate and irreparable harm unless a Temporary Restraining Order issues temporarily freezing Defendants' assets identified in Paragraph 3 below. Plaintiff has alleged equitable causes of action in its Verified Complaint, including a constructive trust and an accounting. Unless a Temporary Restraining Order issues, Plaintiff's equitable relief may be unavailable if Defendants' assets held in this jurisdiction are transferred, sold, dissipated,

1   pledged, assigned, or encumbered before a final order on the merits. Additionally, Plaintiff has sufficiently established that there is a genuine risk that Defendants will attempt to transfer or otherwise dissipate assets in an effort to hide or shield those assets from seizure unless this Order is immediately entered. These factors establish that Plaintiff will suffer immediate and irreparable harm unless a Temporary Restraining Order issues.

2.  Plaintiff has made a *prima facie* showing that there is a substantial likelihood that it will prevail on the merits of its underlying claim for constructive trust and accounting. The evidence in support of this finding includes the detailed factual history set forth in the Verified Complaint, the evidence of the alleged fraud committed by Defendant Richard Roberts and Joe Ezaz for the purpose of misappropriating funds from Plaintiff, and the evidence that a competent Commercial Court in England, when faced with similar allegations and evidence, granted summary judgment in favor of Plaintiff against Joe Ezaz (a business associate of Defendant Richard Roberts and purported co-conspirator), and ELS (the law firm that represented Plaintiff in the real estate transactions and Mr. Ezaz's former employer).

3.  The balance of equities weighs in favor of issuing the Temporary Restraining Order. Identifying and preventing fraud is in the public interest, and the burden on Defendants is minimal because this Order only preserves the status quo and does not impose affirmative obligations on any of Defendants. Moreover, although this order is being entered *ex parte*, it is for a short duration and only remains in effect until a hearing with all parties present can occur.

4.  Plaintiff has met its burden set forth in Rule 65(b)(1)(B) of the Federal Rules of Civil Procedure and has certified in writing the reasons why notice is not required before this Order is entered by the Court. Those reasons include the real and imminent threat that Defendants will immediately attempt to dissipate assets outside of this jurisdiction into a jurisdiction from which seizure is effectively prohibitive. Moreover, notice to Defendants will provide an opportunity to other parties not named in the instant action, but who were co-conspirators to the fraud purportedly committed against Plaintiff, an opportunity to dispose of assets that those individuals or entities control.

PARSONS
BEHLE &
LATIMER

- 2 -

5. Immediately after entry of this Order, Plaintiff will take all reasonable steps to cause this Order, the Verified Complaint, the Motion for an *Ex Parte* Application for a Temporary Restraining Order and/or Motion for a Preliminary Injunction, and the Memorandum in support of the same, to be served on Defendants.

The Court therefore:

1. Temporarily ENJOINS Defendants Richard Roberts, Jane Sheridan Roberts, and Regal Property Holdings, Inc., from:

    a. Transferring, selling, disposing, pledging, assigning, or encumbering the real and personal property described below until the Court conducts a hearing with all parties present to more thoroughly discuss this matter:

        i. Parcel No. 124-19-312-019, located at 6655 Abruzzi Drive, Unit 103, North Las Vegas, Nevada, 89084;

        ii. Parcel No. 138-06-104-018, located at 4750 North Jensen Street, Las Vegas, Nevada 89129;

        iii. Parcel No. 138-32-719-012, located at 532 Tuscany View Street, Las Vegas, Nevada, 89145;

        iv. Parcel No. 137-34-611-002, located at 11628 Villa Malaparte Avenue, Las Vegas, Nevada, 89138;

        v. Parcel No. 137-34-711-026, located at 11709 Grotta Azzurra, Las Vegas, Nevada, 89138;

        vi. Parcel No. 138-21-419-054, located at 8212 Ruby Mountain Way, Las Vegas, Nevada, 89128;

        vii. Parcel No. 163-03-210-031, located at 1704 Silver Oaks Street, Las Vegas, Nevada, 89117;

        viii. Parcel No. 164-01-713-008, located at 2079 Desert Prairie Street, Las Vegas, Nevada, 89135;

        ix. 2006 BMW M3, registered in Nevada to Defendant Jane Roberts;

        x. 2010 Utility trailer, registered in Nevada to Defendant Jane Roberts;

      xi. 2009 ECCO ATV, registered in Nevada to Defendant Jane Roberts;

      xii. 2011 Monaco Knight 40' motorhome, registered in Nevada to Defendant Jane Roberts;

      xiii. BMW X5, registered in Nevada to Defendant Richard Roberts;

  b. Defendants Roberts and Jane Roberts are further enjoined from spending or disposing of monies held in Defendant Roberts and Defendants Jane Roberts' personal bank accounts with Wells Fargo Bank and Chase Bank, except for **$10,000.00 per month** for ordinary living expenses, legal defense costs, and business expenses.

  c. Defendant Regal Property Holdings, Inc., is further enjoined from spending or disposing of monies held in its business bank account with Wells Fargo Bank, except for **$25,000.00 per month** for ordinary business expenses.

6. The real and personal property set forth in Paragraph 3 above shall not be transferred, sold, disposed of, pledged, assigned, or encumbered of in any way until the expiration of this order.

A hearing with all parties present shall take place in this matter on **Tuesday, March 5, 2013 at the hour of 2:30 p.m.** before the Honorable Gloria M. Navarro, United States District Judge, in Courtroom 7D of the Lloyd D. George United States Courthouse, 333 Las Vegas Boulevard, Las Vegas, Nevada.

This Temporary Restraining Order shall remain in effect until further Order of this Court.

**IT IS SO ORDERED** this 26th day of February, 2013.

_____
Gloria M. Navarro
United States District Judge

Submitted By:

PARSONS BEHLE & LATIMER
Michael R. Kealy, Bar No. 0971
David M. Bennion, Bar No. 5664 (Pro Hac Requested)
Cory D. Sinclair, Bar No. 11158 (Pro Hac Requested)
50 W. Liberty Street, Suite 750
Reno, Nevada 89501
Telephone: (775) 323-1601
Facsimile: (775) 348-7250
Attorneys for Plaintiff