# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Stirling Mortimer Global Property Fund PCC Limited,

          Plaintiff,

   vs.

Richard Neill Trevor Roberts; Jane Sheridan Roberts; and Regal Property Holdings, Inc.,

          Defendants.

Case No.: 2:13-cv-00301-GMN-NJK

**ORDER**

Before the Court is the Amended Motion for Preliminary Injunction (ECF No. 37) filed by Plaintiff Stirling Mortimer Global Property Fund PCC Limited ("Stirling") at the hearing held March 5, 2013, which superseded the original Motion for Preliminary Injunction (ECF No. 4). Defendants Richard Neill Trevor Roberts, Jane Sheridan Roberts, and Regal Property Holdings, Inc. ("Regal") (collectively, "Defendants") filed a Response (ECF No. 50), accompanied by Mr. Roberts' Declaration (ECF No. 51) and three Affidavits (ECF Nos. 52-54). Plaintiff filed a Reply (ECF No. 56).

**I.   BACKGROUND**

Plaintiff initiated this action on February 25, 2013, alleging causes of action against Defendants for constructive trust, accounting and injunction. (Compl., ECF No. 1.) At the same time, Plaintiff moved for entry of a temporary restraining order and a preliminary injunction. (ECF Nos. 3, 4.) The Court granted the Motion for Temporary Restraining Order and set a hearing on the Motion for Preliminary Injunction for March 5, 2013. (Am. Order, Feb. 27, 2013, ECF No. 12.) At the hearing, the Court heard arguments from counsel regarding the Motion for Preliminary Injunction and upon request of the parties ordered that the temporary restraining

order would be extended through March 26, 2013, so that Plaintiff could file an Amended Motion for Preliminary Injunction based on Plaintiff's contemporaneously-filed Amended Complaint (ECF No. 36), which added three causes of action under federal statute. (Mins. of Proceedings, ECF No. 38.)  On March 26, 2013, the parties submitted a stipulation to extend the deadlines for briefing, and to extend the duration of the temporary restraining order to April 24, 2013, which the Court signed. (Order on Stip. March 26, 2013, ECF No. 48.)  The instant motion was fully briefed on April 24, 2013. (ECF No. 56.)

## II.    LEGAL STANDARD

A preliminary injunction may be issued if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

The Ninth Circuit has held that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

"A district court may . . . consider hearsay in deciding whether to issue a preliminary injunction." *Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009).  "The urgency of obtaining a preliminary injunction necessitates a prompt determination and makes it difficult to obtain affidavits from persons who would be competent to testify at trial.  The trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial." *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984) (citing 11 C. Wright and A. Miller, *Federal Practice and Procedure, Civil*, § 2949 at 471 (1973)).

/ / /

### III. DISCUSSION

Plaintiff requests a preliminary injunction to freeze the assets of Defendants based on the allegations in the Amended Complaint (ECF No. 36). (Am. Mot. Prelim. Inj., ECF No. 36.) In the Amended Complaint, Plaintiff asserts three causes of action under the Racketeer Influenced and Corrupt Organizations Act ("RICO") for violations of 18 U.S.C. § 1962. (Am. Compl., ECF No. 36.) Under RICO, a person may sue for injuries resulting from violations of section 1962 and "shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee." 18 U.S.C. § 1964(c).

In addition to an injunction, Plaintiff also asserts causes of action for a constructive trust and an accounting. (Am. Compl., ECF No. 36.)

In the Amended Motion for Preliminary Injunction, Plaintiff asserts that Defendants "engaged in a pattern of secreting or dissipating assets to avoid judgment" and "have researched and pursued a strategy of hiding assets to protect them from seizure in a lawsuit." (Am. Mot. Prelim. Inj., 19:6-8, 20:6-7, ECF No. 37.) Specifically, Plaintiff describes emails to Heather Powell, a partner at Kingston Smith, from Nevada attorney Gary Fales, who is "believed to be retained by Defendant Roberts." (*Id*. at 12:17-18.) Plaintiff alleges that Defendant Roberts was copied on these email exchanges, in which strategies for protecting assets from a lawsuit were discussed, including placement in an offshore trust. (*Id*. at 10-21.)

"[A] preliminary injunction barring asset transfer is available where the suit seeks equitable relief." *Johnson v. Couturier*, 572 F.3d 1067, 1083-1084 (9th Cir. 2009) (construing *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 324-25 (1999) and citing *Rubin v. Pringle (In re Focus Media Inc.)*, 387 F.3d 1077, 1085 (9th Cir. 2004)).

Here, Plaintiff's Amended Complaint seeks the equitable relief of a constructive trust and an accounting, therefore a preliminary injunction barring asset transfer is available. As discussed below, the Court finds that, based on the briefs and oral argument, Plaintiff has shown

a strong likelihood of success on the merits, a strong likelihood of irreparable harm in the absence of preliminary relief, that the balance of equities tips in its favor, and that an injunction is in the public interest. Accordingly, the motion will be granted, and preliminary injunctive relief will be ordered, as specified below.

### A. Legal Basis for the Motion

In the motion, Plaintiff cites *Republic of the Philippines v. Marcos*, 862 F.2d 1355 (9th Cir. 1988) for the proposition that "an injunction based on pendent state law claims is appropriate in a case where RICO claims allow the case to be heard in federal court." (Am. Mot. Prelim. Inj., 17:10-13.)

In their opposition, Defendants first argue that the motion has no basis in law, relying on *Grupo Mexicano* to distinguish *Republic of the Philippines v. Marcos*, arguing that "the Supreme Court ruling in *Grupo Mexicano*" has a "fatal impact" on Plaintiff's motion. (Resp. to Am. Mot. Prelim. Inj., 5:3, ECF No. 50.) "However, by its very terms, the holding of *Grupo Mexicano* is limited to cases in which only monetary damages are sought." *Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009).

In *Grupo Mexicano*, the Supreme Court answered the question of "whether, in an action for money damages, a United States District Court has the power to issue a preliminary injunction preventing the defendant from transferring assets in which no lien or equitable interest is claimed," and held "that the District Court had no authority to issue a preliminary injunction preventing petitioners from disposing of their assets pending adjudication of respondents' contract claim for money damages." 527 U.S. at 333.

And despite specifically citing *Johnson* elsewhere in the brief, Defendants do not acknowledge the Ninth Circuit's construction of *Grupo Mexicano* or explain why the holding in *Grupo Mexicano* nevertheless applies in cases such as this one, where monetary damages are not the only relief sought.

Defendants next argue that Plaintiff's claims for constructive trust and accounting are not supported by Plaintiff's RICO causes of action and cannot be maintained as independent causes of action.

In support, Defendants quote from *Republic of Philippines v. Marcos*, in which the Ninth Circuit, in discussing pendent jurisdiction, described the "common allegation" that the defendants converted money, funds and property belonging to plaintiff, as "support[ing] not only plaintiff's RICO claims but also the eight claims for conversion, fraud and deceit, constructive fraud, constructive trust, breach of implied contract, quiet title, accounting, and subrogation." 862 F.2d at 1359. The Ninth Circuit then stated that "[t]he claims for a constructive trust, to quiet title, an accounting, and subrogation merely set forth different forms of relief for the same underlying wrongs" and held that the lower court appropriately exercised pendent jurisdiction over the claims arising under state and foreign law. *Id*.

However, the Court is not persuaded that these excerpts from *Republic of Philippines v. Marcos* support the proposition that a claim for constructive trust and accounting cannot be maintained as independent causes of action, particularly because, in the same opinion, discussing the scope of the injunction, the Ninth Circuit specifically stated that "[a]lthough the gravamen of the complaint is that the Marcoses converted public property to their own use, the seventh claim for relief, which alleges a constructive trust, *states an equitable cause of action and seeks equitable relief.*" 862 F.2d at 1364 (emphasis added).

Nevada courts also appear to acknowledge that a constructive trust, while also a remedy, may be evaluated as an independent cause of action. *See Locken v. Locken*, 650 P.2d 803, 804-805 (Nev. 1982) (describing the circumstances under which a constructive trust "will arise and affect property acquisitions"); *see also Waldman v. Maini*, 195 P.3d 850, 857 (Nev. 2008); *Bemis v. Estate of Bemis*, 967 P.2d 437, 441 (Nev. 1998); *Hester v. Vision Airlines, Inc.*, No. 2:09-cv-00117-RLH-RJJ, 2010 WL 3724182, at *5 (D. Nev. Sept. 15, 2010) ("the Court does

not dispute the Class' claim that a constructive trust may be an independent cause of action given the proper circumstances").

Therefore, the Court will consider Plaintiff's request for a preliminary injunction based on the need to preserve the equitable remedies available pursuant to Plaintiff's causes of action for a constructive trust and an accounting.

### B. Evidentiary Support for the Motion

Defendants argue that Plaintiff lacks evidentiary support for the motion, and begin by citing Rule 65(b)(1) and (3) of the Federal Rules of Civil Procedure, which governs temporary restraining orders. Because here the Court is not considering a request for a temporary restraining order, this citation and any arguments based on section (b) of Rule 65 are irrelevant to the Court's analysis. Likewise, each of the cases cited by Defendants[1] to support their argument that Plaintiff's verified Complaint is insufficient are inapplicable because they analyze the sufficiency of a verified complaint *for the purpose of a Rule 56 summary judgment motion*. (*See* Resp. to Prelim. Inj., 7:6-16, ECF No. 50.) Because none of the legal authority provided by Defendants in their opposition is applicable or helpful here, the Court will construe Defendants' evidentiary arguments as applied to the standard for analyzing the merits of preliminary injunction motions.

"A district court may . . . consider hearsay in deciding whether to issue a preliminary injunction." *Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009). "The urgency of obtaining a preliminary injunction necessitates a prompt determination and makes it difficult to obtain affidavits from persons who would be competent to testify at trial. The trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial." *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir.

---

[1] These citations were: *Lew v. Kona Hospital*, 754 F.2d 1420, 1423 (9th Cir. 1985); *Moran v. Selig*, 447 F.3d 748, 760 n.16 (9th Cir. 2006); *Columbia Pictures Indus., Inc. v. Prof'l Real Estate Investors, Inc.*, 944 F.2d 1525, 1529 (9th Cir. 1991); *Walker v. Tyler County Comm'n*, 11 F. App'x 270, 274 (4th Cir. 2001).

1984) (citing 11 C. Wright and A. Miller, *Federal Practice and Procedure, Civil*, § 2949 at 471 (1973)).

The Court has been provided affidavits and extensive allegations from Plaintiff, and has heard the oral arguments of the parties at a hearing in which Plaintiff offered and Defendants declined to question any parties on the record.  Therefore, the Court will base its analysis of the propriety of a preliminary injunction on this evidence.

### C.   Equitable Basis for the Motion

Defendants invoke Rule 64 of the Federal Rules of Civil Procedure to argue that the motion is inequitable.  Rule 64 requires an attachment of assets to be in accordance with state law. Fed. R. Civ. P. 64.  However, the Court finds that Rule 64 is inapplicable here.  "While it is true that the asset freeze has an effect comparable to that of an attachment, it is not an attachment.  The fact that the conditions for attachment, normally a remedy in actions at law, might not be met does not imply that another and equitable provisional remedy is not available." *FTC v. H.N. Singer, Inc.*, 668 F.2d 1107, 1112 (9th Cir. 1982).  The Court "has power to issue a preliminary injunction to preserve the status quo in order to protect the possibility of that equitable remedy." *Id*.  As discussed above, creation of a constructive trust and accounting are equitable remedies. *See also Settlement v. Eisenberg*, 593 F.3d 1031, 1036 (9th Cir. 2010).

Therefore, the Court will construe Defendants' arguments as to the equitable basis for the motion as applied to the standard for preliminary injunctions requiring that the balance of equities tip in Plaintiff's favor.

### D.   Propriety of a Preliminary Injunction

As discussed below, the Court finds that Plaintiff has met its burden to show that a preliminary injunction is merited.

#### 1.   Likelihood of success on the merits

"A constructive trust is a remedial device by which the holder of legal title to property is

held to be a trustee of that property for the benefit of another who in good conscience is entitled to it." *Locken v. Locken*, 650 P.2d 803, 804-805 (Nev. 1982). "A constructive trust will arise and affect property acquisitions under circumstances where: (1) a confidential relationship exists between the parties; (2) retention of legal title by the holder thereof against another would be inequitable; and (3) the existence of such a trust is essential to the effectuation of justice." *Id*. In Nevada, a constructive trust "'redresses unjust enrichment, not wrongdoing,'" and therefore its imposition as a remedy does not require fraud or misconduct, but at least unjust enrichment. *Waldman v. Maini*, 195 P.3d 850, 857 (Nev. 2008) (quoting *Bemis v. Estate of Bemis*, 967 P.2d 437, 441 (Nev. 1998)).

Here, Plaintiff alleges fraud and misappropriation by over a period of years, specifically providing extensive allegations that Defendant Richard Roberts abused his position of trust as an officer and agent of Plaintiff to misappropriate millions in investment funds for his personal use, and that Defendant Jane Roberts conspired in these actions. Therefore, if Plaintiff's allegations are determined to be true, the Court can find that Defendants' retention of the money and assets acquired with Plaintiff's misappropriated funds would be unjust and inequitable. Accordingly, the Court would find that a constructive trust is essential to the effectuation of justice and would treat this money and assets as existing in constructive trust on behalf of Plaintiff.

Based on the arguments presented to the Court in the briefs and at oral argument, the Court finds that Plaintiff has shown a strong likelihood of success on the merits as to this cause of action.

### 2. Balance of equities

The Court is sympathetic to the hardships of Mr. and Mrs. Roberts that will result from the injunction, but cannot find that the balance of equities tips in their favor. Plaintiff has persuasively alleged serious fraudulent activity on the part of Defendants, amounting to substantial amounts of misappropriated money. Defendants have not shown that an injunction

limiting the transfer or other disposition of their real assets or large quantities of funds would be inequitable when balanced against Plaintiff's interest in recovering any misappropriated funds.

As described below, the Court will narrowly tailor the injunction so as to preserve the Roberts' ability to maintain their ordinary household expenses and legal representation, and has the authority to modify or dissolve the injunction upon a sufficient showing by Defendants that the circumstances merit such an order.

### 3. Likelihood of irreparable harm in the absence of preliminary relief and public interest

As noted by Plaintiff in its Reply (ECF No. 56), Defendants do not appear to argue that an injunction is not in the public interest or that there is no likelihood of irreparable harm in the absence of preliminary relief. As to the elements of likelihood of irreparable harm and public interest, the Court agrees with Plaintiff's arguments as stated in the briefs and at oral argument, and find that each of these are met.

Specifically, the Court finds that Defendants have engaged in a pattern of secreting or dissipating assets to avoid judgment, and that the likelihood of irreparable harm is strong if Defendants are not preliminarily enjoined from dissipating the assets listed in the motion. Also, because the allegations against Defendants include allegations implicating injury to Plaintiff's investors and other investors, the public interest in preserving the availability of relief, if merited, is strong.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Amended Motion for Preliminary Injunction (ECF No. 37) is **GRANTED**, as follows:

1. Defendants Richard Roberts, Jane Sheridan Roberts, and Regal Property Holdings, Inc., are enjoined from:

/ / /

a. Transferring, selling, disposing, pledging, assigning, or encumbering the real and personal property described below until the equitable owner of the assets in question is determined or upon further order of the Court:

    i. Parcel No. 124-19-312-019, located at 6655 Abruzzi Drive, Unit 103, North Las Vegas, Nevada, 89084;

    ii. Parcel No. 138-06-104-018, located at 4750 North Jensen Street, Las Vegas, Nevada 89129;

    iii. Parcel No. 138-32-719-012, located at 532 Tuscany View Street, Las Vegas, Nevada, 89145;

    iv. Parcel No. 137-34-611-002, located at 11628 Villa Malaparte Avenue, Las Vegas, Nevada, 89138;

    v. Parcel No. 137-34-711-026, located at 11709 Grotta Azzurra, Las Vegas, Nevada, 89138;

    vi. Parcel No. 138-21-419-054, located at 8212 Ruby Mountain Way, Las Vegas, Nevada, 89128;

    vii. Parcel No. 163-03-210-031, located at 1704 Silver Oaks Street, Las Vegas, Nevada, 89117;

    viii. Parcel No. 164-01-713-008, located at 2079 Desert Prairie Street, Las Vegas, Nevada, 89135;

    ix. 2006 BMW M3, registered in Nevada to Defendant Jane Roberts;

    x. 2010 Utility trailer, registered in Nevada to Defendant Jane Roberts;

    xi. 2009 ECCO ATV, registered in Nevada to Defendant Jane Roberts;

    xii. 2011 Monaco Knight 40' motorhome, registered in Nevada to Defendant Jane Roberts;

    xiii. BMW X5, registered in Nevada to Defendant Richard Roberts;

  b. Defendants Roberts and Jane Roberts are further enjoined from spending or disposing of monies except for $25,000.00 per month for ordinary living expenses.

  c. Defendant Regal Property Holdings, Inc., is further enjoined from spending or disposing of monies except for $10,000.00 per month for ordinary business expenses.

 2. Defendants are permitted to spend $15,000.00 per month in defense of this action, which the Court determines to be reasonable defense costs for this action in this location.

 3. The real and personal property set forth above shall not be transferred, sold, disposed of, pledged, assigned, or encumbered of in any way until the expiration of this Order.

 4. The bond previously posted by Plaintiff in the amount of $1,000 per defendant ($3,000 total) in accordance with Rule 65(c) shall remain in effect.

This Order shall remain in place pending a full determination of Plaintiff's causes of action on the merits or upon further order of this Court.

**DATED** this 3rd day of May, 2013.

_____
Gloria M. Navarro
United States District Judge